## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ATHENA REMLINGER,                   :   Civil No. 1:18-CV-00984
                                     :
      Plaintiff,                     :
                                     :
      v.                             :   Judge Jennifer P. Wilson
                                     :
LEBANON COUNTY, *et al.*,            :
                                     :
                                     :
      Defendants.                    :   Magistrate Judge Joseph F. Saporito, Jr.

## <u>MEMORANDUM</u>

This is a prisoner civil rights case arising from the alleged use of restraints and solitary confinement during the Plaintiff's pregnancy and delivery. The case is presently before the court on a motion to dismiss filed by Defendants Lebanon County and Robert J. Karnes ("Karnes"); a motion to dismiss filed by Defendants Tony Haus ("Haus"), Stephen Davis ("Davis"), Scott Hocker ("Hocker"), Kyle Fink ("Fink"), Edward Van Duzen ("Van Duzen"), Arlene McHale ("McHale"), and Trudy Seyfert ("Seyfert") (collectively referred to as "moving corrections Defendants"); a report and recommendation issued by United States Magistrate Judge Joseph F. Saporito, Jr. addressing the motions; and objections to the report and recommendation filed by the moving corrections Defendants. For the reasons that follow, the report and recommendation is adopted in its entirety, the motion to dismiss filed by Lebanon County and Karnes is denied, and the motion to dismiss filed by the moving corrections Defendants is granted in part and denied in part.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Athena Remlinger ("Remlinger") initiated this case by filing a complaint on May 9, 2018.  (Doc. 1.)  On March 5, 2019, United States District Judge Yvette Kane adopted Judge Saporito's report and recommendation and dismissed the complaint in part, after which Remlinger filed an amended complaint.  (Docs. 21–22, 24.)

According to the allegations in the amended complaint, Remlinger was incarcerated in the Lebanon County Correctional Facility ("LCCF") from April 6, 2017 to January 24, 2018.  (Doc. 24 ¶ 19.)  Immediately upon her arrival at LCCF, Remlinger was placed in solitary confinement because she was detoxing from heroin.  (*Id.* ¶¶ 25–26.)  Shortly thereafter, she learned that she was pregnant.  (*Id.* ¶ 23.)  Nevertheless, her solitary confinement continued even after staff at the prison learned that she was pregnant.  (*Id.* ¶ 28.)  She was then released from solitary confinement thirty days after she had arrived at LCCF.  (*Id.* ¶ 30.)

On June 1, 2017, Remlinger was placed in a medical isolation cell, where she remained confined until approximately July 15, 2017.  (*Id.* ¶¶ 31, 33.)  While in the medical isolation cell, Remlinger was subjected to solitary confinement for a period of twenty-three hours a day.  (*Id.* ¶ 34.)  She submitted multiple requests to be removed from the medical isolation cell, which were ignored by prison staff. (*Id.* ¶ 41.)

In October 2017, Remlinger learned through her public defender that the prison planned to induce her labor prior to her due date.  (*Id.* ¶ 56.)  Before this, Remlinger had not been informed that the prison planned to induce her labor, and she had not consented to such a procedure.  (*Id.* ¶¶ 57–58.)

Remlinger was transported to Hershey Medical Center on October 17, 2017, so that her labor could be induced.  (*Id.* ¶ 60.)  Upon arriving at the hospital, her left leg was shackled to the guardrail of her hospital bed in accordance with LCCF policy.  (*Id.* ¶ 62.)  Remlinger was removed from these shackles for approximately an hour and a half after the labor induction drugs were first administered so that she could sit in a rocking chair.  (*Id.* ¶ 63.)  While sitting, she was shackled to the chair.  (*Id.* ¶ 64.)  She was then returned to the bed, where she was again shackled. (*Id.* ¶ 65.)  Remlinger ended up being shackled for four and a half hours during her labor.  (*Id.* ¶ 66.)

The shackles were removed when medical staff determined that they were preventing delivery and causing difficulties in finding the baby's heartbeat.  (*Id.* ¶ 70.)  At that point, medical staff had to conduct an emergency caesarean section due to excessive bleeding.  (*Id.* ¶ 71.)  Remlinger's son was unresponsive at birth and could not be revived for several minutes.  (*Id.* ¶ 72.)  Remlinger was re-shackled to her bed after her emergency C-section.  (*Id.* ¶ 74.)  She then remained

shackled to her bed for the five days she spent in the hospital following the delivery.  (*Id.* ¶ 75.)

Based on those alleged facts, Remlinger raises four counts for relief.  In Count I, she asserts that the decision to induce labor two weeks prior to her due date constituted deliberate indifference to a serious medical need in violation of her right to substantive due process under the Fourteenth Amendment.  (*Id.* ¶¶ 88–89.) Count I is brought against Defendants Lebanon County and Karnes.  (*Id.*)  In Count II, Remlinger asserts that the use of shackles during labor and delivery and during her postpartum period violated her right to substantive due process under the Fourteenth Amendment.  (*Id.* ¶¶ 90–92.)  This count is brought against Defendants Lebanon County, Karnes, Davis, Hocker, Van Duzen, Fink, Cheyenne Gettle ("Gettle"), Amber Schwartz ("Schwartz"), Crystal Herr ("Herr"), and Michelle Williams ("Williams").  (*Id.*)  In Count III, Remlinger asserts that the use of solitary confinement during her pregnancy violated her right to substantive due process under the Fourteenth Amendment.  (*Id.* ¶¶ 93–95.)  This count is brought against Defendants Lebanon County, Karnes, Haus, McHale, and Seyfert.  (*Id.*)  In Count IV, Remlinger asserts that the use of solitary confinement and shackles constituted intentional infliction of emotional distress ("IIED") under Pennsylvania law.  (*Id.* ¶¶ 96–98.)  This count is brought against all individual defendants.  (*Id.*)

4

For relief, Remlinger seeks compensatory and punitive damages and attorney's fees. (*Id.* at 18–19.)

Defendants Lebanon County and Karnes moved to dismiss Counts III and IV of the amended complaint on May 2, 2019. (Doc. 27.) Defendants Williams, Herr, Schwartz, and Gettle filed answers to the amended complaint on June 21, 2019. (Docs. 39–42.) The moving corrections Defendants then moved to dismiss Counts II, III, and IV of the amended complaint on July 1, 2019, arguing that the claims should be dismissed on their merits and that they are entitled to qualified immunity. (Doc. 44.) The case was then reassigned to the undersigned to act as the presiding judge on November 20, 2019.

Judge Saporito issued a report and recommendation addressing the motions to dismiss on March 27, 2020. (Doc. 59.) Judge Saporito recommends (1) that all official capacity claims against the individual defendants be dismissed as duplicative of the claims against Lebanon County, *id.* at 15–16; (2) that Remlinger's claim for punitive damages against Lebanon County be dismissed with prejudice since it was previously dismissed by Judge Kane, *id.* at 16–17; (3) that the motions to dismiss be denied as to Remlinger's shackling claim in Count II, *id.* at 17–26; (4) that the moving corrections Defendants' motion to dismiss Count II on qualified immunity grounds be denied, *id.* at 26–27; (5) that Count III be dismissed as to the individual defendants on the basis of qualified immunity

because the right of pregnant inmates to be free from solitary confinement was not

clearly established at the time of Remlinger's solitary confinement, *id.* at 27–34;

(6) that the motion to dismiss Remlinger's IIED claim be granted insofar as the

claim is based on her being shackled prior to labor and delivery and being placed

in solitary confinement, *id.* at 34–38; and (7) that the IIED claim be allowed to

proceed to the extent that it is based on the use of shackles during Remlinger's

labor, delivery, and post-partum recovery, *id.* at 36–38.

The moving corrections Defendants objected to the report and

recommendation on April 10, 2020.  (Doc. 60.)  The moving corrections

Defendants argue that the report and recommendation errs by finding that

Defendants Haus, Davis, Hocker, Fink, and Van Duzen are not entitled to qualified

immunity as to Remlinger's shackling claim, that the report and recommendation

errs by finding that those defendants are not entitled to state law immunity as to

Remlinger's IIED claim, and that the report and recommendation errs by not

dismissing the IIED claim for failure to state a claim.  (Docs. 60–61.)  The moving

corrections defendants additionally argue that Defendants Seyfert and McHale

should be dismissed from the case because the report and recommendation

recommends dismissing all claims against them.  (Doc. 61 at 26–27.)

Remlinger filed a response to the moving corrections Defendants' objections

on April 24, 2020, and the moving corrections Defendants then filed a reply brief

on May 22, 2020, after the court had extended the time to reply.  (Docs. 62, 65.)

Because briefing on the objections has now concluded, the report and

recommendation is ripe for the court's review.

## STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the

district court is required to conduct a de novo review of the contested portions of

the report and recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3);

*Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may

accept, reject, or modify the magistrate judge's report and recommendation in

whole or in part.  28 U.S.C. § 636(b)(1).  The district court may also receive

further evidence or recommit the matter to the magistrate judge with further

instructions.  *Id.*  "Although the standard is de novo, the extent of review is

committed to the sound discretion of the district judge, and the court may rely on

the recommendations of the magistrate judge to the extent it deems proper."

*Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v.*

*Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

De novo review is not required for portions of a report and recommendation

to which no objections have been raised.  *Univac Dental Co. v. Dentsply Int'l, Inc.*,

702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing *Thomas v. Arn*, 474 U.S. 140,

149 (1985)).  Instead, the court is only required to "satisfy itself that there is no

clear error on the face of the record in order to accept the recommendation." *Id.* (quoting Fed. R. Civ. P. 72 advisory committee's note to 1983 addition).

## MOTION TO DISMISS STANDARD

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

## DISCUSSION

At the outset, the court will address the recommendations that all official capacity claims against the individual defendants be dismissed as duplicative of the claims against Lebanon County, that Remlinger's claim for punitive damages

8

against Lebanon County be dismissed with prejudice, that Count III be dismissed

as to the individual defendants on the basis of qualified immunity, and that

Remlinger's IIED claim be granted to the extent it is based on the use of solitary

confinement and the use of shackles prior to labor and delivery.  Because no party

has objected to these recommendations, the court reviews them only for clear error.

*Univac Dental*, 702 F. Supp. 2d at 469.  Finding none, the court will adopt those

portions of the report and recommendation.  The court therefore turns its attention

to the moving corrections Defendants' objections.  (*See* Docs. 60–61.)

The moving corrections Defendants first argue that the report and

recommendation errs by finding that they are not entitled to qualified immunity as

to Remlinger's shackling claim.  (Doc. 61 at 9–19.)   In the relevant portion of the

report and recommendation, Judge Saporito concludes that Defendants are not

entitled to qualified immunity at this stage of litigation because the factual record

must be developed to determine whether qualified immunity applies.  (Doc. 59 at

26.)  The moving corrections Defendants argue that this conclusion is erroneous

because Supreme Court precedent suggests that issues of qualified immunity

should be resolved at the earliest possible time.  (Doc. 61 at 17.)  Defendants also

argue that no development of the record is necessary and that they are entitled to

qualified immunity because the right of a pregnant inmate to be free from shackles

during labor, delivery, and post-partum recovery was not clearly established at the

time of this case.  (*Id.* at 9–17.)  Defendants note that no binding precedent from the Supreme Court or the Third Circuit has found such a right.  (*Id.* at 12.)

The court will overrule this objection.  Although Defendants are correct that issues of qualified immunity should be resolved "at the earliest possible stage in litigation," *Scott v. Harris*, 550 U.S. 372, 376 n.2 (2007) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)), this does not mean that qualified immunity must be resolved before the relevant facts have been developed.  *See Toriskey v. Schweiker*, 446 F.3d 438, 448 (3d Cir. 2006) (denying qualified immunity defense at motion to dismiss stage where relevant questions of fact were unresolved).  As the report and recommendation notes, "it is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases."  (Doc. 59 at 26 (quoting *Newland v. Reehorst*, 328 F. App'x 788, 791 n.2 (3d Cir. 2009))).  Here, the court agrees with the magistrate judge's conclusion that additional factual development is necessary with regard to Defendants' assertion of qualified immunity.

The moving corrections Defendants' argument that the right at issue was not clearly established also fails.  Although Defendants argue that there is no binding precedent from the Supreme Court or the Third Circuit establishing the right, this does not automatically entitle them to qualified immunity.  Where the existence of a right is "obvious," it may be "deemed clearly established even without materially

10

similar cases." *Kane v. Barger*, 902 F.3d 185, 195 (3d Cir. 2018) (citing *Hope v. Pelzer*, 536 U.S. 730, 741 (2002)).  In the report and recommendation, Judge Saporito concludes that the present case might present a situation where the right at issue is so obvious as to permit a finding that it is clearly established.  (Doc. 59 at 26–27 (citing *E.D. v. Sharkey*, 928 F.3d 299, 308 (3d Cir. 2019))).  The court finds no error in this conclusion and will accordingly overrule the Defendants' objection.

The moving corrections Defendants next argue that the report and recommendation errs by finding that they are not entitled to immunity from Remlinger's IIED claim under 42 Pa.C.S. § 8545.  (Doc. 61 at 19–23.)  Section 8545 provides that employees of a local government agency are entitled to immunity from state law suits to the same extent that the agency would be.  42 Pa.C.S. § 8545.  Immunity under § 8545 does not extend to government employees who commit intentional torts.  *Dull v. West Manchester Twp. Police Dep't*, 604 F. Supp. 2d 739, 754 n.11 (M.D. Pa. 2009); *Orange Stones Co. v. City of Reading*, 87 A.3d 1014, 1023 (Pa. Commw. Ct. 2014).  Here, the report and recommendation correctly concludes that immunity under § 8545 is inapplicable because Defendants allegedly committed an intentional tort.  (*See* Doc. 59 at 34–35.)  Accordingly, the court will overrule the moving corrections Defendants' objection.

The moving corrections Defendants' third objection is that the report and recommendation errs by not dismissing Remlinger's IIED claim for failure to state

a claim upon which relief may be granted.  (Doc. 61 at 23–26.)  To state an IIED

claim upon which relief may be granted under Pennsylvania law, a plaintiff must

allege (1) that the defendant engaged in extreme and outrageous conduct; (2) that

the defendant's conduct caused the plaintiff severe emotional distress; and (3) that

"the defendant acted intending to cause such distress or with knowledge that same

was 'substantially certain' to occur."  *Dobson v. Milton Hershey Sch.*, 356 F. Supp.

3d 428, 439 (M.D. Pa. 2018) (quoting *Brown v. Muhlenberg Twp.*, 269 F.3d 205,

217–18 (3d Cir. 2001)).

  In this case,[1] the report and recommendation concludes that Remlinger has

stated an IIED claim upon which relief may be granted because (1) the alleged use

of shackles during labor and delivery is sufficient to allege extreme and outrageous

conduct, (2) Remlinger allegedly suffered severe emotional distress as a result, and

(3) the Defendants were, at the very least, aware that Remlinger was likely to

suffer such severe emotional distress.  (Doc. 59 at 37.)  Upon conducting a de novo

review, this court agrees with the magistrate judge's conclusion that Remlinger

states an IIED claim upon which relief may be granted.  The moving Defendants'

objection will accordingly be overruled.

---

[1] As noted above, the court will adopt Judge Saporito's recommendation and dismiss the IIED claim to the extent that it is based on the use of solitary confinement and to the extent that it is based on the use of restraints prior to Remlinger's labor and delivery.  Accordingly, this discussion is limited to the IIED claim arising from the use of restraints during Remlinger's labor, delivery, and post-partum recovery.

Finally, the moving corrections defendants argue that Defendants McHale and Seyfert should be dismissed from this case because the report and recommendation recommends dismissing all claims against them.  (Doc. 61 at 27.) Defendants are correct.  The only allegations in the amended complaint against Defendants McHale and Seyfert[2] pertain to their involvement in Remlinger's solitary confinement.  (*See* Doc. 24 ¶¶ 41, 44.)  As noted above, all claims pertaining to the use of solitary confinement will be dismissed.  Accordingly, Defendants McHale and Seyfert will be dismissed from this action.

## CONCLUSION

For the foregoing reasons, the moving corrections Defendants' objections are overruled, the report and recommendation is adopted in its entirety, the motion to dismiss filed by Lebanon County and Karnes is denied, and the motion to dismiss filed by the moving corrections Defendants is granted in part and denied in part.  An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: June 11, 2020

---

[2] Defendants McHale and Seyfert are identified in the amended complaint only by their first names.  (*See* Doc. 24 ¶¶ 16–17.)