IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ATHENA REMLINGER, | : | Civil No. 1:18-CV-00984 |
| Plaintiff, | : | |
| v. | : | |
| LEBANON COUNTY, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## ORDER

Before the court is the report and recommendation of United States Magistrate Judge Joseph F. Saporito recommending that the cross motions for summary judgment be denied in part and granted in part. (Doc. 129.) Specifically, Judge Saporito recommends that the motion for partial summary judgment filed by Plaintiff Athena Remlinger ("Remlinger") be denied and that the motions for summary judgment filed by Defendants be granted in part and denied in part. (*Id.*) For the reasons that follow, the court will adopt the report and recommendation in part, deny Remlinger's motion for summary judgment, and grant in part and deny in part Defendants' motions for summary judgment.

1

## BACKGROUND[1]

Defendants, having sorted themselves into three separate groups, seek summary judgment with respect to all of Plaintiff's claims. (Docs. 91, 94, 102.) Regarding the first group of Defendants, Lebanon County and Warden Robert J. Karnes ("Karnes"), Judge Saporito's report recommends that their motion be granted with respect to Remlinger's 42 U.S.C. § 1983 municipal and supervisory liability claims concerning the induction of labor, as set forth in Count I of the amended complaint; that their motion be granted in favor of Lebanon County with respect to Remlinger's § 1983 municipal liability claim arising out of her being shackled while pregnant, as set forth in Count II of the amended complaint; that their motion be granted in favor of Lebanon County with respect to Remlinger's § 1983 municipal liability claim arising out of her placement into medical isolation in June and July 2017, as set forth in Count III of the amended complaint; and that their motion be granted in favor of Karnes with respect to Remlinger's state-law intentional infliction of emotional distress claim, as set forth in Count IV of the amended complaint. (Doc. 129, pp. 75–76.)[2]

---

[1] Because the court is writing for the benefit of the parties, only the necessary information is included in this order. For a more fulsome discussion of the facts and issues in this case, the court refers to the report and recommendation. (Doc. 129.)

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

Regarding the second group of Defendants, the report recommends that summary judgment be granted in favor of Defendants Corporal Davis ("Davis") and Deputy Warden Anthony Hauck ("Hauck")[3] with respect to all claims against Davis and Hauck; that summary judgment be granted in favor of Defendant Edward Van Dusen ("Van Dusen") with respect to Remlinger's state-law intentional infliction of emotional distress claim, as set forth in Count IV of the amended complaint; and that summary judgment be otherwise denied with respect to Defendants Van Dusen, Scott Hocker ("Hocker"), Cheyenne Gettle ("Gettle"), Amber Schwartz ("Schwartz"), Crystal Herr ("Herr"), Michelle Williams ("Williams"), and Kyle Fink ("Fink").  (Doc. 129, pp. 76–77.)

Judge Saporito recommends that Remlinger's remaining claims be resolved by a jury.  (*Id.* at 77.)  According to Judge Saporito's recommendation, those claims are: (a) § 1983 shackling-while-pregnant claims against Defendants Van Dusen, Hocker, Gettle, Schwartz, Herr, Williams, and Fink, as set forth in Count II of the amended complaint; (b) § 1983 supervisory liability claim against Karnes arising out of Remlinger's being shackled-while-pregnant, as set forth in Count II of the amended complaint; (c) § 1983 municipal liability claim against Lebanon

---

[3] In filings in this case, Defendant Hauck's name is variably listed as Haus, Hauck, Hauk, and Houck.  To avoid confusion, this order adopts Hauck, the name listed in in the Defendant's statement of facts in support of his motion for summary judgment and corresponding deposition. (Docs. 95, 95-1.)

County arising out of Remlinger's placement into segregation for detox in April 2017, as set forth in Count III of the amended complaint; and (d) state-law intentional infliction of emotional distress claims against Defendants Hocker, Gettle, Schwartz, Herr, Williams, and Fink as set forth in Count IV of the amended complaint. (*Id.*)

Of the three groups of Defendants, two groups have filed objections to the report and recommendation and briefs in support of their objections. (Docs. 130, 131, 132, 133.) Remlinger has filed a brief in opposition, and the objecting Defendants have replied. (Docs. 137, 138, 140.) Defendant Fink objects generally that he had no personal involvement in Remlinger's allegations related to Count II of her amended complaint which raises a claim for violation of the Fourteenth Amendment for shackling her during postpartum. (Doc. 133; Doc. 24, p. 16.) Fink also lodges the general objection that there is no factual basis for Remlinger's claim against him for intentional infliction of emotional distress in Count IV. (Doc. 133, p. 12.) Next, Lebanon County makes a specific objection to Judge Saporito's application of law with respect to Remlinger's claim arising out of her placement in segregated housing in April 2017 to undergo heroin detox. (Doc. 131.)

Of the remaining objections, Hocker and Van Dusen raise general objections that there is no genuine issue of material fact regarding, or evidence supporting,

Remlinger's allegation that Hocker and Van Dusen acted with deliberate indifference to Remlinger's medical needs or a substantial risk to her health or safety. (Doc. 132, pp. 3, 7.) Hocker argues there is no factual basis to support Remlinger's claims against him for intentional infliction of emotional distress,[4] and Hocker, Fink, and Van Dusen argue they are protected by qualified immunity. (*Id.* at 5–6, 8.)

For the reasons that follow, the court will sustain the objections raised by Fink regarding the § 1983 shackling-while-pregnant claim and the state-law intentional infliction of emotional distress claim. The court will also sustain the objection Lebanon County raises against § 1983 municipal liability for Remlinger's April 2017 segregation due to detox. Finally, the court will overrule the remaining objections and will adopt the remaining portions of the report and recommendation.

## STANDARD OF REVIEW

### A. Review of a Magistrate Judges' Report and Recommendation

When a party objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3);

---

[4] Hocker and Fink raise this objection together, but they are outlined separately here for the benefit of the court's analysis below.

*Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may accept, reject, or modify the magistrate judge's report and recommendation in whole or in part. 28 U.S.C. § 636(b)(1). The district court may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.* "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

De novo review is not required for portions of a report and recommendation to which no objections have been raised. *Univac Dental Co. v. Dentsply Int'l, Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). Instead, the court is only required to "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.* (quoting Fed. R. Civ. P. 72 advisory committee's note to 1983 addition).

When a party raises only general objections to a report and recommendation, a district court is not required to conduct a de novo review of the report and recommendation. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). "To obtain de novo determination of a magistrate's findings by a district court, 28 U.S.C. § 636(b)(1) requires both timely and specific objections to the report." *Id.* at 6.

Thus, when reviewing general objections to a report and recommendation, the court's review is limited "to ascertaining whether there is 'clear error' or 'manifest injustice'" on the face of the record. *Boomer v. Lewis*, No. 3:06-CV-00850, 2009 WL 2900778, at *1 (M.D. Pa. Sept. 9, 2009).

### B. Summary Judgment

Federal Rule of Civil Procedure 56 sets forth the standard and procedures for the grant of summary judgment. Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). A factual dispute is "material" if it might affect the outcome of the suit under the applicable substantive law and is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When evaluating a motion for summary judgment, a court "must view the facts in the light most favorable to the non-moving party" and draw all reasonable inferences in favor of the same. *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005). With that in mind, the non-moving party must provide "affirmative evidence, beyond the allegations of the pleadings," in support of its

7

right to relief. *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004).

## DISCUSSION

**A. The court declines to adopt the recommendation denying Fink summary judgment.**

**1. Section 1983 shackling-while-pregnant claim**

Based on the facts presented, Judge Saporito found a genuine dispute of material fact with respect to whether Fink acted with deliberate indifference to Remlinger's serious medical needs or a substantial risk to her health or safety. (Doc. 129, p. 61.) But, in light of the record, the court concludes that Judge Saporito erred in denying summary judgment in favor of Fink.

During the eight-hour shift in which Fink and Defendant Williams guarded Remlinger while she was hospitalized, Fink asserted that he did not personally shackle Remlinger, did not see her in shackles, and does not recall receiving any instructions about shackling her. (Doc. 95-31, p. 5.) Fink further asserted that, if Remlinger was shackled at the time, Fink was not aware of it because Remlinger was in bed the entire shift following her emergency caesarian section, either sleeping or laying in bed holding the baby. (*Id.*) Remlinger has not disputed these facts. On the contrary, at her deposition, Remlinger stated she "actually do[es] not remember CO Fink. . . . I don't remember him being there. I don't even know how he got brought into this." (Doc. 95-3, p. 27.) But in her briefing, Remlinger

argued that Fink should not be granted summary judgment because, based on her testimony that she was shackled almost constantly throughout her postpartum stay in the hospital, she had established a dispute of material fact with respect to Fink's involvement in shackling her. (Doc. 116, pp. 14–15.) The court disagrees.

As Judge Saporito's recommendation correctly states, it is well-established that, to raise a civil rights claim, a plaintiff must show each defendant "to have been personally involved in the events or occurrences which underlie a claim." (Doc. 129, p. 66 (quoting *Millbrook v. United States*, 8 F. Supp. 3d 601, 613 (M.D. Pa. 2014)).) In this instance, Remlinger, as the non-moving party must provide "affirmative evidence, beyond the allegations of the pleadings," in support of her right to relief. *Pappas*, 331 F. Supp. 2d at 315. Remlinger must provide evidence suggesting Fink's personal involvement. Here, Remlinger has provided no such evidence that contradicts Fink's deposition. Even in the light most favorable to her as the non-moving party, Remlinger has provided no facts to contradict Fink's assertion that he was not personally involved, through conduct or knowledge, in Remlinger's alleged shackling. Accordingly, the court will grant Fink's motion for summary judgment with respect to Remlinger's § 1983 shackling-while-pregnant claim against Fink, as set forth in Count II of the amended complaint.

### 2. State-law intentional infliction of emotional distress claim

Remlinger's intentional infliction of emotional distress claim against Fink is premised on the same facts as her § 1983 claim. For the same reasons that her § 1983 claim fails against Fink, her intentional infliction of emotional distress claim also fails. Therefore, the court will grant Fink's motion for summary judgment with respect to Remlinger's intentional infliction of emotional distress claim against Fink, as set forth in Count IV of the amended complaint.

### B. The court declines to adopt the recommendation denying Lebanon County summary judgment related to Remlinger's placement into segregation for detox in April 2017.

Lebanon County argues that Judge Saporito erred in concluding that it could be subjected to *Monell* liability for placing Remlinger into isolation in April 2017 while she underwent detox for heroin. (Doc. 130, pp. 3–4.) Under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), municipalities and other government units can be subject to liability under § 1983. But to establish *Monell* liability, the complained of conduct must be part of a "government's policy or custom." *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 249 (3d Cir. 2007). In the case of a government policy, a plaintiff "must identify the challenged policy, attribute it to the [municipality or corporation] itself, and show a causal link between execution of the policy and the injury suffered." *Losch v. Borough of Parkesburg*, 736 F.2d 903, 910 (3d Cir. 1984). Judge Saporito's recommendation

10

applies these Third Circuit precedents. And because Remlinger had identified her April 2017 period of isolation as attributable to an affirmative policy by Lebanon County Correctional Facility ("LCCF"), to isolate detoxing inmates, Judge Saporito concluded that it was unnecessary for Remlinger to show that her isolation was more than an isolated incident. (*See* Doc. 129, pp. 40–41.)

In its objection, Lebanon County argues that Judge Saporito's recommendation misapplies *Monell* under Supreme Court and Third Circuit precedent. It argues that Remlinger cannot establish *Monell* liability for her April 2017 isolation because she has provided no evidence to establish that her isolation was anything beyond an isolated incident. (Doc. 131, pp. 6–7.) It points out that the Supreme Court has articulated that "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing unconstitutional municipal policy." *Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985). While Judge Saporito's report applied *Tuttle* with respect to a June and July 2017 instance of Remlinger being placed in isolation for medical reasons, Lebanon County argues the report improperly failed to apply it to the April 2017 isolation.[5] (*See* Doc. 129, pp. 45, 64; Doc. 131, pp. 7–10.) Lebanon County

---

[5] Judge Saporito's report found that Remlinger's June/July 2017 placement into medical isolation was not pursuant to a policy and was, based on the facts presented, an isolated incident. (Doc. 129, p. 44.) Therefore, under *Monell* and *Tuttle*, Judge Saporito found that Remlinger's claim

11

argues that it is not enough for Remlinger to trace her grievance to simply any LCCF policy. (Doc. 131, p. 8.) Under *Tuttle*, the policy must be an "unconstitutional municipal policy." *Tuttle*, 471 U.S. at 824. According to the Third Circuit, an isolated incident is only sufficient to establish *Monell* liability in circumstances involving a "facially unconstitutional, explicit" policy. *Brown v. City of Pittsburgh*, 586 F.3d 263, 292 (3d Cir. 2009) (citing *Tuttle*, 471 U.S. at 822–24).

Under *Brown*, to establish *Monell* liability, a plaintiff must either point to a *facially* unconstitutional policy or must show a pattern of the policy being applied unconstitutionally. 586 F.3d at 292. Because Remlinger has not argued that LCCF's policy of segregation is facially unconstitutional as applied to all inmates (including those who are not pregnant), she must show that her segregation for detox as a pregnant inmate was more than an isolated incident. And because Remlinger has failed to show that the April 2017 segregation was more than an isolated incident, she has failed to establish *Monell* liability. Therefore, Lebanon County's objection to the report and recommendation will be sustained with respect to Remlinger being placed into isolation in April 2017. The court will decline to adopt that portion of Judge Saporito's report and recommendation.

---

for the June/July isolation could not proceed, and he recommended Defendants be granted summary judgment with respect to it. (*Id.* at 44–45.)

### C. The court will adopt the remaining portions of the report and recommendation.

Having reviewed the remaining objections, the court concludes that the objectors merely disagree with Judge Saporito's analysis and conclusion. Accordingly, upon giving "reasoned consideration" to the record and the parties' arguments, the court finds no clear error or manifest injustice in Judge Saporito's report. The court finds no error with, and will adopt, Judge Saporito's remaining recommendations.

Lastly, the court has reviewed the uncontested portions of the report and recommendation. After giving "reasoned consideration" to the uncontested portions of the report and recommendation, the court finds that Judge Saporito's analysis is well-reasoned and fully supported by the record and applicable law. *See City of Long Branch*, 866 F.3d at 99 (quoting *Henderson*, 812 F.2d at 878). The court will adopt these portions of the report and recommendation in full.

### CONCLUSION

Accordingly, **IT IS ORDERED AS FOLLOWS**:

1) The court **DECLINES TO ADOPT** the portion of the report and recommendation denying Kyle Fink's motion for summary judgment of Remlinger's § 1983 shackling-while-pregnant claims as set forth in Count II of the amended complaint and state-law intentional infliction of emotional distress claim as set forth in Count IV of the amended complaint.

2) The court **DECLINES TO ADOPT** the portion of the report and recommendation denying Lebanon County's motion for

  summary judgment on Remlinger's Fourteenth Amendment claim arising out of her initial placement in segregation for detoxification in April 2017, as set forth in Count III of the amended complaint.

3)  The court **ADOPTS** the remaining portions of the report and recommendation.

4)  Defendants Lebanon County and Warden Karnes' motion for summary judgment, Doc. 91, is **GRANTED IN PART AND DENIED IN PART**.

5)  The Clerk of Court is directed to enter **JUDGMENT** in favor of Defendants Lebanon County and Warden Karnes with respect to **Count I** of the amended complaint for § 1983 municipal and supervisory liability claims concerning the induction of labor.

6)  The Clerk of Court is directed to enter **JUDGMENT** in favor of Lebanon County with respect to **Count II** of the amended complaint for § 1983 municipal liability claim arising out of her being shackled while pregnant and **Count III** of the amended complaint for § 1983 municipal liability claim arising out of her placement into medical isolation in April, June, and July 2017.

7)  The Clerk is directed to enter **JUDGMENT** in favor of Warden Robert J. Karnes with respect to **Count IV** for state-law intentional infliction of emotional distress claim.

8)  Defendants Hauck, Davis, Hocker, Fink, and Van Dusen's motion for summary judgment, Doc. 94, is **GRANTED IN PART AND DENIED IN PART**.

9)  The Clerk of Court is directed to enter **JUDGMENT** in favor of Defendants Corporal Davis, Deputy Warden Hauck, and Kyle Fink with respect to *all* claims and terminate these Defendants from this action. The Clerk of Court is directed to enter **JUDGMENT** in favor of Defendant Edward Van Dusen with respect to **Count IV** of the amended complaint for state-law intentional infliction of emotional distress claim.

10) Defendants Gettle, Schwartz, Herr, and Williams' motion for summary judgment, Doc. 102, is **DENIED**.

11) Remlinger's motion for summary judgment, Doc. 98, is **DENIED**.

12) The remaining claims in this action are as follows: (a) § 1983 shackling-while-pregnant claims against Defendants Van Dusen, Hocker, Gettle, Schwartz, Herr, and Williams, as set forth in **Count II** of the amended complaint; (b) § 1983 supervisory liability claim against Defendant Warden Karnes arising out of Remlinger's being shackled while pregnant, as set forth in **Count II** of the amended complaint; and (c) state-law intentional infliction of emotional distress claims against Defendants Hocker, Gettle, Schwartz, Herr, and Williams as set forth in **Count IV** of the amended complaint.

13) A telephone conference is scheduled for **November 16, 2022, at 9:30 a.m.**  Plaintiff's counsel shall initiate the call once all parties are on the line to chambers at 717-221-3970.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Court Judge<br>
Middle District of Pennsylvania

Dated:  November 4, 2022